IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK SAUNDERS,<br><br>           Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.<br><br>           Defendant | Civil Action 07-CA-12365-RWZ |

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), by and through its attorneys, answer the allegations contained in Plaintiff's Complaint as follows:

### Parties

1.    Defendant is without sufficient information to form a belief as to the truth of the matters asserted in the first sentence of Paragraph 1.  Defendant admits that Plaintiff was an employee of Defendant from on or about April 1, 1998 through December 18, 2004, but otherwise denies the remaining allegations in Paragraph 1.

2.    Defendant admits the allegations in Paragraph 2

### Jurisdiction and Venue

3.    Paragraph 3 contains a statement of jurisdiction, not a factual averment, and therefore requires neither an admission nor denial by Defendant; to the extent that an admission or denial is required to this paragraph, the allegations contained therein are denied.

4.    Paragraph 4 contains a statement of venue, not a factual averment, and therefore requires neither an admission nor denial by Defendant.  Defendant does not deny that venue is

proper. To the extent that an admission or denial is required to a factual averment, the allegations contained therein are denied.

## Nature of the Case

5. Defendant admits that Plaintiff was employed by Defendant from on or about April 1, 1998 through December 18, 2004, but otherwise denies the allegations in Paragraph 5.

6. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 6, and therefore denies the same.

7. Defendant admits that it has done business with J&J Contracting. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in the remaining allegations in Paragraph 7, and therefore denies the same.

8. Defendant admits that Plaintiff was employed at Defendant from on or about April 1, 1998 through December 18, 2004, but otherwise is without information sufficient information to form a belief as to the truth of the matters asserted in the remaining allegations in Paragraph 8, and therefore denies the same.

9. Plaintiff fails to indicate who asked him to perform the functions identified in Paragraph 9, therefore Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 9, and therefore denies the same.

10. Defendant admits that Plaintiff was transferred from the Burlington, MA Expo store to the Braintree, MA Expo store in or around June 2004. Defendant admits that Plaintiff held the title of "Project Superintendent" during his employment. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 11, and therefore denies the same. Defendant specifically denies that Plaintiff is entitled to any compensation.

12. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 12, and therefore denies the same. Defendant specifically denies that Plaintiff is entitled to any compensation.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant admits that on or about April 22, 2001, Plaintiff received a raise in his hourly pay. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 15, and therefore denies the same.

16. Defendant admits that Plaintiff received raises at various times during his employment. Such records speak for themselves. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 17, and therefore denies the same.

18. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 18, and therefore denies the same.

19. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in the first sentence of Paragraph 19, and therefore denies the same. Defendant denies the matters asserted in the second sentence of Paragraph 19.

20. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 20, and therefore denies the same.

21. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 21, and therefore denies the same.

22. Defendant denies the allegations in the first sentence of Paragraph 22. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in second sentence of Paragraph 22, and therefore denies the same.

23. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 23, and therefore denies the same.

24. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 24, and therefore denies the same.

25. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 25, and therefore denies the same.

26. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 26, and therefore denies the same.

27. Defendant denies that it retaliated against Plaintiff. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 27, and therefore denies the same.

28. Defendant admits that Timothy Brown's employment for Defendant as the Store Manager in the Burlington, MA Expo ended in 2002, and that Anthony Verterame became Store Manager in the Burlington, MA Expo in 2002. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 28, and therefore denies the same.

29. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 29, and therefore denies the same.

30. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 30, and therefore denies the same.

31. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 31, and therefore denies the same.

32. Defendant admits that that Jerry Carbone was the Senior Manager National Marketing and Advertising and that Emory Cooper was the Employment Practices Manager for Expo. Defendant denies that Plaintiff provided Mr. Cooper with an "expense report." Defendant denies that "Elaine Vercheran" was Expo President. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 32, and therefore denies the same.

33. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 33, and therefore denies the same.

34. Defendant admits that in or around April 2003, Olga Sahan was promoted to the position of Department Supervisor of Design. Defendant denies the remaining allegations contained in Paragraph 34.

35. Defendant admits that Mr. Cooper met with Plaintiff at various times and that Plaintiff voiced concerns about the store and Plaintiff's desire to receive compensation for his photo work. Defendant denies that Plaintiff provided Mr. Cooper or Mr. Alvarez with a "detailed spread sheet of all hours worked…" as alleged. Defendant denies the remaining allegations contained in Paragraph 35.

36. Defendant denies that it retaliated against Plaintiff. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 36, and therefore denies the same.

37. Defendant denies the allegation in Paragraph 37.

38. Defendant specifically denies that it acted unlawfully with respect to its hiring of contractors or any other suggestion of impropriety. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 38, and therefore denies the same.

39. Defendant admits that Plaintiff left messages for Mr. Cooper at various times, but is without sufficient information to form a belief as to the truth of whether Plaintiff left a message on July 30, 2003, and therefore denies the same.

40. Defendant admits that Plaintiff complained to Mr. Cooper that he had not been paid for a contest. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 40, and therefore denies the same.

41. Defendant admits that Plaintiff left messages for Mr. Cooper at various times, but is without sufficient information to form a belief as to the truth of whether Plaintiff left a message on August 6, 2003, and therefore denies the same.

42. Defendant admits that Plaintiff left messages for Mr. Cooper at various times, but is without sufficient information to form a belief as to the truth of whether Plaintiff left a message on August 13, 2003, and therefore denies the same. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 42.

43. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 43, and therefore denies the same.

44. Plaintiff does not indicate who "asked [him] to prepare engineering drawings" and therefore Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 44, and therefore denies the same.

45. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 45, and therefore denies the same.

46. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 46, and therefore denies the same.

47. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 47, and therefore denies the same.

48. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 48, and therefore denies the same.

49. Defendant admits that it maintained an "Awareness Line" system and that it did not retaliate against employees who utilized it. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 49, and therefore denies the same.

50. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 50, and therefore denies the same.

51. Defendant admits that Mr. Alvarez contacted Plaintiff at various times, but is without information sufficient to form a belief as to the precise date of April 3, 2004. Defendant admits that during their discussions, Mr. Alvarez and Plaintiff discussed issues related to EXPO. Defendant denies the remaining allegations contained in Paragraph 51.

52. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 52, and therefore denies the same.

53. Defendant denies the first and third sentences of Paragraph 53. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in the second sentence of Paragraph 53, and therefore denies the same.

54. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 54, and therefore denies the same.

55. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 55, and therefore denies the same.

56. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in the first three sentences of Paragraph 56, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 56.

57. Defendant admits that Plaintiff submitted a memorandum to Mr. Dillon dated May 5, 2004, which speaks for itself. Defendant denies the remaining allegations contained in Paragraph 57.

58. Defendant admits that Plaintiff met with Mr. Yeo and Mr. Dillon in early May 2004. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 58, and therefore denies the same.

59. Defendant admits that Plaintiff met with Home Depot managers and employees concerning his employment in early June 2004; that Plaintiff was placed on administrative leave; and that Defendant did not provide Plaintiff with an unemployment compensation pamphlet. Defendant denies the remaining allegations contained in Paragraph 59.

60. Defendant admits that Plaintiff was transferred to the Braintree, MA Expo store in June 2004, but otherwise denies the allegations contained in Paragraph 60.

61. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 61, and therefore denies the same.

62. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 62, and therefore denies the same.

63. Defendant admits that Plaintiff has raised his concerns with Mr. Cooper about Plaintiff's concerns with being paid to take photographs. Defendant denies the remaining allegations contained in Paragraph 63.

64. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 64, and therefore denies the same.

65. Defendant admits that Mr. Alvarez and Plaintiff met at various times, but is without information sufficient to form a belief as to the precise date of June 23, 2004. Defendant denies that Mr. Alvarez informed Plaintiff, "If I have to put more people on suspension I will." Defendant denies the remaining allegations contained in Paragraph 65.

66. Defendant denies the allegations in first sentence of Paragraph 66. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 66, and therefore denies the same.

67. Defendant admits that Mr. Dillon, Ms. Talbot and Ms. Sahan were later terminated for reasons unrelated to Plaintiff. Defendant denies the remaining allegations in Paragraph 67.

68. Defendant admits that Mr. Dillon was terminated. Defendant denies the remaining allegations contained in Paragraph 68.

69. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 69, and therefore denies the same.

70. Defendant denies that Mr. Hunsberger humiliated or disparaged Plaintiff. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 70, and therefore denies the same.

71. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 71, and therefore denies the same.

72. Defendant admits that Plaintiff was promoted to Central Installation Manager in or around September 13, 2004. Defendant further admits that the Projected Superintendent position was being eliminated and that Plaintiff was one of a number of Central Installation Managers hired. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 72, and therefore denies the same.

73. Defendant admits that a post-offer drug screening was required as a condition of the new position Plaintiff obtained. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 73, and therefore denies the same.

74. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 74, and therefore denies the same.

75. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 75, and therefore denies the same.

76. Defendant admits that Plaintiff reported to EXPO Services Manager Paul Owen, who in turn reported to Regional Installation Manager Joseph Hunsberger. Defendant admits that the relationship between Plaintiff and Mr. Owen was good. Defendant denies the remaining allegations in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant admits that a meeting of Central Installation Managers occurred at the New Jersey store support center where Mr. Hunsberger reviewed store policies and expectations,

including regarding permitting. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 79.

80. Defendant admits that Central Installation Managers were regularly asked to prepare memoranda on the status of all open projects. Defendant is without sufficient information to form a belief as to the truth of the remaining matters asserted in Paragraph 80, and therefore denies the same.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant admits that Mr. Owen held staff meetings with Central Installation Managers in or around November 2004 where be emphasized the need to improve and that if he heard negative information about a project, the Central Installation Managers would in-turn hear about it from him. Defendant denies the remaining allegations in Paragraph 82.

83. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 83, and therefore denies the same.

84. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 84, and therefore denies the same.

85. Defendant admits that a meeting with Mr. Martins took place on or about December 7, 2008. Defendant denies that Mr. Martins acted inappropriately in his meeting. Defendant denies the remaining allegations contained in Paragraph 85.

86. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 86, and therefore denies the same.

87. Defendant admits that Plaintiff was placed on administrative leave and that Plaintiff complied. Defendant denies the remaining allegations in Paragraph 87.

88. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 88, and therefore denies the same.

89. Defendant admits that Plaintiff left messages for Mr. Cooper at various times, but is without sufficient information to form a belief as to the truth of whether Plaintiff contacted Mr. Cooper on the unidentified date referenced in Paragraph 89, and therefore denies the same.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 91, and therefore denies the same.

92. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 92, and therefore denies the same.

93. Defendant admits that on or about December 18, 2004, Plaintiff met with Mr. Owen and Mr. Bandeson and that Plaintiff was informed of his termination. Defendant denies the remaining allegations in Paragraph 93.

94. Defendant admits that Plaintiff and Mr. Cooper spoke at various times, but Defendant is without sufficient information to form a belief as to the truth of whether Plaintiff and Mr. Cooper spoke on the unidentified date referenced in Paragraph 94, and therefore denies the same. Defendant admits that Plaintiff was terminated for violating Defendant's policy. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 94.

95. Defendant admits that Plaintiff was not on any disciplinary action at the time of discharge. Defendant denies the remaining allegations in Paragraph 95.

96. Defendant admits that Plaintiff and Mr. Cooper spoke at various times, but Defendant is without sufficient information to form a belief as to the truth of whether Plaintiff and Mr. Cooper spoke December 20, 2004, and therefore denies allegations regarding the same.

97. Paragraph 97 concerns allegations related to the Seventh Claim, which has been withdrawn, as stated in the Court's Order on Defendant's Motion to Dismiss dated December 16, 2008 (the "Order"), therefore no responsive pleading is required. To the extent a responsive pleading is required, Defendant admits that Plaintiff filed for unemployment compensation, but otherwise is without information concerning a notice received by Plaintiff, and Defendant denies the remaining allegations contained in Paragraph 97.

98. Paragraph 98 concerns allegations related to the Seventh Claim, which has been withdrawn, as stated in the Order, therefore no responsive pleading is required. To the extent a responsive pleading is required, Defendant is without sufficient information to form a belief as to the truth the allegations in the first sentence of Paragraph 98; and Defendant admits that Plaintiff and Mr. Cooper spoke at various times, but Defendant is without sufficient information to form a belief as to the truth of whether Plaintiff complained to Mr. Cooper on the unidentified date referenced in Paragraph 98, and therefore denies the same. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 98.

99. Paragraph 99 concerns allegations related to the Seventh Claim, which has been withdrawn, as stated in the Order, therefore no responsive pleading is required. To the extent a responsive pleading is required, Defendant is without sufficient information to form a belief as to the truth the allegations in Paragraph 99, and therefore denies the same.

100. Defendant admits that Plaintiff and Mr. Cooper spoke at various times, including discussions about Plaintiff's desire for compensation for the "photo" work. Defendant denies that Plaintiff provided Mr. Cooper with a written spreadsheet of hours Plaintiff claimed to be owed. Defendant denies the remaining allegations in Paragraph 100.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant admits that Plaintiff, Mr. Cooper, and Tom Capers met in Boston on or about March 22, 2005. Defendant admits that Mr. Cooper, Mr. Capers, and Plaintiff discussed issues that Plaintiff had raised and complained of during his employment. Defendant denies that it offered to re-hire Plaintiff. Defendant denies the remaining allegations contained in Paragraph 102.

103. Defendant admits that it closed the Braintree Expo location, but denies the remaining allegations contained in Paragraph 103, including denying any suggestion that closing Braintree was related, in any way, to Plaintiff.

104. Defendant denies that it directed Plaintiff to perform any work on its behalf. Defendant denies the remaining allegations in Paragraph 104.

105. Defendant is without sufficient information to form a belief as to the truth of what Plaintiff relied upon, as alleged in the first sentence of Paragraph 105, and therefore denies the same. Defendant states that its policies speak for themselves. Defendant denies the remaining allegations contained in Paragraph 105.

106. Defendant is without sufficient information to form a belief as to the truth of what Plaintiff relied upon, as alleged in the first sentence of Paragraph 106, and therefore denies the same. Defendant states that its policies speak for themselves. Defendant denies the remaining allegations contained in Paragraph 106.

### First Claim for Relief
### Breach of Contract

Unnumbered paragraph: Defendant incorporates by reference the answers to Paragraphs 1 through 106, as though fully set forth herein.

107. Defendant denies the allegations contained in Paragraph 107.

108. Defendant denies the allegations contained in Paragraph 108.

109.   Defendant denies the allegations contained in Paragraph 109.

110.   Defendant denies the allegations contained in Paragraph 110.

111.   Defendant denies the allegations contained in Paragraph 111.

112.   Defendant denies the allegations contained in Paragraph 112.

## Second Claim for Relief
## Wrongful Discharge

Unnumbered paragraph:  Defendant incorporates by reference the answers to Paragraphs 1 through 112, as though fully set forth herein.  Defendant further states that this claim is limited by the Order.

113.   Defendant denies the allegations contained in Paragraph 113.

114.   Defendant denies the allegations contained in Paragraph 114.

115.   Defendant denies the allegations contained in Paragraph 115.

116.   Defendant denies the allegations contained in Paragraph 116.

117.   Defendant denies the allegations contained in Paragraph 117.

## Third Claim for Relief
## Promissory Estoppel

Unnumbered paragraph:  Defendant incorporates by reference the answers to Paragraphs 1 through 117, as though fully set forth herein.

118.   Defendant denies the allegations contained in Paragraph 118.

119.   Defendant denies the allegations contained in Paragraph 119.

120.   Defendant denies the allegations contained in Paragraph 120.

## Fourth Claim for Relief
## Fair Labor Standards Act

Unnumbered paragraph:  Defendant incorporates by reference the answers to Paragraphs 1 through 117, as though fully set forth herein.  Defendant further states that this claim is limited

by the Order to "unpaid wages and overtime which accrued on or after December 18, 2004, if he proves willfulness." (Order at 4).

121.   Defendant denies the allegations contained in Paragraph 121.

122.   Defendant denies the allegations contained in Paragraph 122.

123.   Defendant denies the allegations contained in Paragraph 123.

124.   Defendant denies the allegations contained in Paragraph 124.

### Fifth Claim for Relief
### Massachusetts Wage Act

The Fifth Claim for Relief has been dismissed pursuant to the Order.  *See* Order at 5.  No responsive pleading is required to the unnumbered paragraph under the Fifth Claim.

125.   No responsive pleading required.

126.   No responsive pleading required.

127.   No responsive pleading required.

### Sixth Claim for Relief
### Quantum Meriut

Unnumbered paragraph:  Defendant incorporates by reference the answers to Paragraphs 1 through 127, as though fully set forth herein.

128.   Defendant denies the allegations contained in Paragraph 128.

129.   Defendant denies the allegations contained in Paragraph 129.

### Seventh Claim for Relief
### Violation of Massachusetts Unemployment Compensation Law

The Seventh Claim for Relief has been dismissed pursuant to the Order.  *See* Order at 5. No responsive pleading is required to the unnumbered paragraph under the Seventh Claim.

130.   No responsive pleading required.

131.   No responsive pleading required.

132. No responsive pleading required.

133. No responsive pleading required.

134. No responsive pleading required.

135. No responsive pleading required.

## Eighth Claim for Relief
## Copyright Infringement

The Eighth Claim for Relief has been dismissed pursuant to the Order. *See* Order at 5-6. No responsive pleading is required to the unnumbered paragraph under the Seventh Claim.

136. No responsive pleading required.

137. No responsive pleading required.

138. No responsive pleading required.

139. No responsive pleading required.

WHEREFORE Defendant denies that Plaintiff is entitled to any of the relief requested against it in any claim and denies each and every allegation not heretofore specifically admitted and prays this Court to dismiss Plaintiff's Complaint and award it costs, fees and any other relief it deems just.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which any relief can be granted.

2. Plaintiff's claims are barred in whole or in part because he has failed to comply with administrative procedures that are a prerequisite to maintaining this action.

3. Plaintiff's claims are barred in whole or in part because of the applicable statute of limitations.

4. Although Defendant expressly denies any liability to Plaintiff, Plaintiff has failed to mitigate his damages, if any.

5. Complaint is barred in whole or in part because, at all relevant times, the actions of the Defendant were legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

6. Plaintiffs' Complaint is barred, in whole or in part, because Plaintiff's relationship with the Defendants was terminable at-will by either party.

7. To the extent that Plaintiff worked greater than the hours that he reported, he acted without Defendant's knowledge and against Defendant's policies, and otherwise outside the scope of his employment.

8. Plaintiff's claim fails because Defendant lacked knowledge of Plaintiff's actions, or Defendant lacked knowledge that Plaintiff was acting for its benefit.

9. Plaintiff is not entitled to punitive or exemplary damages.

10. Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

11. Plaintiff's claim fails for failure of consideration.

12. If Plaintiff proves that Defendant acted in violation of the Fair Labor Standards Act, such action was not willful or reckless, but rather was in good faith, and based upon a

reasonable belief that such action was not a violation of the Fair Labor Standards Act, and thus, neither liquidated damages nor a three year statute of limitations would be warranted.

13. There exists no proximate causation between any alleged act or alleged breach of duty by Defendant and Plaintiff's claimed injuries.

14. Defendants reserve its right to add affirmative defenses as they become known.

        Respectfully submitted,

        MORGAN, BROWN & JOY, LLP

        Attorneys for Defendant

        _/s/ Jeffrey Siegel _____
        Joseph P. McConnell (BBO# 566412)
        Jeffrey S. Siegel (BBO# 647148)
        200 State Street
        Boston, MA 02109
        (617) 523-6666

Dated:  January 20, 2009

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies have been sent by first class, U.S. mail to *pro se* Plaintiff Mark Saunders, 28 Cushman Street, Watertown, MA 02472-3704 on this 20th day of January 2009.

                                      ___/s/ Jeffrey Siegel_____