IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK SAUNDERS,<br><br>        Plaintiff,<br><br>  v.<br><br>HOME DEPOT USA, INC.<br><br>        Defendant | Civil Action 07-CA-12365-RWZ |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR EXTENSION OF THE SCHEDULING CONFERENCE AND "AMENDED
COMPLAINT"**

Defendant opposes Plaintiff's request for an extension of the Scheduling Conference currently scheduled for January 28, 2009. Defendant further objects to Plaintiff's attempt to add new claims without leave of Court.

**I.    Plaintiff's Request to Postpone the Scheduling Conference**

While Plaintiff purports to seek only a "two week extension" for the purpose of identifying legal counsel, this is yet another attempt by Plaintiff to delay this case. Indeed, Plaintiff originally filed his Complaint on December 17, 2007, and delayed in serving it upon Defendant until June 13, 2008. [Docket Doc. Nos. 1, 5]. Thereafter, on July 3, 2008, Defendant filed a motion to dismiss [Docket Doc. No. 9]. Plaintiff sought multiple extensions of time in which to file his opposition to the motion to dismiss. [Docket Doc. Nos. 11, 12]. The Court granted Plaintiff an additional extension of time until November 17, 2008, but in its last order, noted that "this is the last extension."

Now, after the Court has dismissed portions of Plaintiff's Complaint and more than one year after Plaintiff filed his Complaint, Plaintiff seeks to once again delay this matter. Plaintiff

1

was terminated from Defendant in December 2004, and has had ample opportunity to retain legal counsel since then. Plaintiff's Complaint was filed more than one year ago, and the Court scheduled this Scheduling Conference in on December 16, 2008. To date, no attorney has filed an appearance on Plaintiff's behalf. While Defendant is willing to accommodate reasonable scheduling conflicts or reschedule conferences in this matter so an attorney entering an appearance on Plaintiff's behalf can get up to speed, Defendant objects Plaintiff's request for an additional delay in prosecuting this action.

## II.     Plaintiff's Attempts to Amend the Complaint

Plaintiff's amended complaint did not appear on the Court's docket until after the answer was filed. (Plaintiff had served Defendant with a copy of the amended complaint prior to it appearing on the Court's docket.) Because Defendant filed a responsive pleading to Plaintiff's Complaint when it filed its answer, Rule 15(a)(2) makes clear that Plaintiff may only seek to amend the Complaint "with the opposing party's written consent or the court's leave." Plaintiff did not confer with Defendant prior to filing concerning his proposed amendment. Thus, without seeking leave of court, the amendment is not proper.

        Respectfully submitted,

        MORGAN, BROWN & JOY, LLP
        Attorneys for Defendants


         /s/ Joseph P. McConnell
        Joseph P. McConnell (BBO# 566412)
        Jeffrey S. Siegel (BBO# 647148)
        200 State Street
        Boston, MA 02109
        (617) 523-6666

Dated: January 21, 2009

3

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies have been sent by first class, U.S. mail to *pro se* Plaintiff Mark Saunders, 28 Cushman Street, Watertown, MA 02472-3704 on this September 17, 2008.

                                          s/ Jeffrey S. Siegel
                                          Jeffrey S. Siegel