UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2009 JAN 23  P 3: 38

U.S. DISTRICT COURT
DISTRICT OF MASS

Mark Saunders,
        Plaintiff,

v.

Home Depot USA Inc,
a Delaware Corporation
        Defendant.

Civil Action No. 1:07-CV-12365-RWZ

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF THE SCHEDULING CONFERENCE AND "AMENDED COMPLAINT"**

Comes now Mark Saunders, Plaintiff Pro Se, hereby enters the following response to Defendant's Opposition:

1. Plaintiff acknowledges the Court's Order denying Plaintiff's Motion for Extension of the Scheduling Conference, and thus, responds only to Defendant's Opposition to his Amended Complaint.

2. Rule 15(a) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."

3. Plaintiff filed the Amended Complaint on January 16, 2009, four days prior to the filing of Defendant's Answer.

4. Plaintiff notified Defendant both telephonically and by email of the filing of his Amended Complaint on January 16, 2009, immediately after filing the Amended Complaint.

5. Plaintiff served a copy of the Amended Complaint both electronically and by First Class U.S. mail to Defendant on January 16, 2009, which Defendant fully acknowledges in its Opposition.

6. Defendant, while fully aware that the Amended Complaint had been filed on January 16th, filed its Answer on January 20th, four days after the Amended Complaint was filed.

7. Prior to Plaintiff's filing, a motion to dismiss had been filed, but Defendant had not filed an answer, counterclaim, cross-claim, third-party complaint, or any other pleading set forth in Rule 7(a).

8. In addition, Defendant's Motion to Dismiss cannot be allowed as a responsive pleading. A motion to dismiss pursuant to Rule 12(b)(6) is not a "responsive pleading" for purposes of Rules 7(a) and 15(a). McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978) ("Neither a motion to dismiss nor one for summary judgment is a responsive pleading for purposes of Rule 15(a)."); see also Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 n.8 (1st Cir. 1990) (a Rule 12(b)(6) motion to dismiss is not a responsive pleading for purposes of Rule 15(a)) and Rogers v. Girard Trust Co., 159 F.2d 239 (6th Cir. 1947)); Alexander v. Fujitsu Business Communication Systems, Inc., 818 F. Supp. 462 (D.N.H. 1993) (motion to dismiss is not among listed pleadings in Rule 7(a) and therefore is not covered by Rule 15(a); therefore, plaintiffs were entitled to amend as of right despite defendants' filing of motion to dismiss) (citing inter alia McDonald, supra); 3 Moore's Federal Practice § 15.11 at 15-15 to 15-16 (3rd Ed. 2004) (noting that Rule 7(a) defines "pleadings" and distinguishes them from motions, and citing authority from various circuit courts).

9. Defendant is trying to take advantage of the following:

   a. The delay between the time the document was physically filed with the court (and with Defendant's knowledge) and the time it appeared on the electronic Docket. (Due to Plaintiff's disadvantage in not having access to the electronic filing system as a pro se Plaintiff, he filed it at the Clerk's office by hand.)

   b. The further delay caused by the Martin Luther King Jr. Holiday in the Court electronically entering the document.

   Plaintiff had no control over the Court's electronic entry of the document onto the Docket. Defendant is clearly aware of this, and seeks to use an acceptable delay in the Clerks Office to Plaintiff's detriment. Thus, Plaintiff should not be prejudiced.

10. Plaintiff is not asserting new facts in the Amended Complaint. Plaintiff is merely adding to his legal arguments.

11. This case is in its earliest stages, and no discovery has taken place. Thus, Plaintiffs Amended Complaint is filed at such an early point in the case as to not result in undue prejudice to Defendant. Moreover, the fact that the Amended Complaint was filed months after the initial complaint can be explained by Plaintiff's Motion to Proceed in Forma Pauperis, Defendant's Motion to Dismiss, and the extensions granted to Plaintiff (for medical reasons) to respond to Defendant's Motion to Dismiss.

12. Defendant was fully aware that Plaintiff had filed his Amended Complaint on January 16, 2009, and was given a copy on that date, four days prior to Defendant filing a responsive pleading.

WHEREFORE, Mark Saunders, Plaintiff pro se prays that this Court enter an Order allowing the Amended Complaint as filed.

Dated this 23rd day of January, 2009

Respectfully submitted,

Mark Saunders
28 Cushman Street
Watertown, Massachusetts  02472-3704
617-905-7454

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2009, a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF THE SCHEDULING CONFERENCE AND "AMENDED COMPLAINT"** was deposited in the United States Mail, postage prepaid, addressed to the following:

>Joseph P. McConnell
>Jeffrey S. Siegel
>Morgan, Brown & Joy, LLP
>200 State Street, 11th Floor
>Boston, MA 02109-2605

FILED
IN CLERKS OFFICE
2009 JAN 23  P 3: 38
U.S. DISTRICT COURT
DISTRICT OF MASS